VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-00594

| Kristina Polak, et al v. Felipe Ramirez-Diaz, et al |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion for Attorney's Fees Defendants' Petition for Attorney's Fees (Motion: 8)
Filer:       Erika Johnson
Filed Date:  August 31, 2021

The motion is GRANTED.

Defendants seek an award of $18,481.77 in attorney's fees and costs incurred in successfully pursuing their Special Motion to Strike pursuant to Vermont's anti-SLAPP statute, 12 V.S.A. § 1041, et seq. The statute provides that "[i]f the court grants the special motion to strike, the court shall award costs and reasonable attorney's fees to the defendant." Id. §1041(f)(1). The Vermont Supreme Court has indicated that "the award of fees is mandatory when a motion to strike is granted," but "[t]he trial court does … have discretion in determining the amount of an award…." *Cornelius v. Chronicle, Inc.*, 2019 VT 4, ¶19, 209 Vt. 405.

Here, the Defendants were represented by Erika Johnson, Esq. of Vermont Legal Aid. Attorney Johnson graduated from Harvard Law School in 2017, and she is admitted to practice in the state and federal courts in Vermont. Her hourly rates ($175 an hour for legal work and $87.50 for paralegal work) are reasonable, given her experience, the complexity of this case, and the issues at stake; indeed, Plaintiffs do not challenge Attorney Johnson's hourly rates.

Plaintiffs oppose the fee request on the grounds that the amount sought "is unreasonable, excessive, duplicative and comprised work that is unrelated to the anti-SLAPP motion" (Plaintiff's Opposition, at 3). More specifically, Plaintiffs argue that: 33.3 hours should be reduced or deleted because they related to the Defendants' motion to dismiss, rather than their special motion to strike; 2 hours of time and $1,430.45 in expenses should be deleted or reduced because they were necessitated by Plaintiff's claim of malicious prosecution, and, therefore, Defendants would have incurred them regardless of their motion to strike; 6.1 hours should be deleted or reduced because they were incurred in drafting affidavits that were merely duplicative of information contained in Defendants' motion to dismiss; and 19.7 hours should be reduced because that was an excessive amount of time for counsel to spend preparing for the one-hour oral argument on the special motion to strike.

The Court has reviewed the affidavit and exhibits accompanying the Defendants' fee application and is satisfied that the time spent, and expenses incurred were reasonable in amount, and were necessitated by the Plaintiffs' decision to file a suit in violation of the anti-SLAPP statute. The issues in Defendants' motions (their motion to dismiss and their special motion to strike) were inextricably intertwined, such that it was appropriate to include the time spent on both in Defendants' fee application. In addition, the affidavits that counsel prepared in support of the special motion to strike did more than merely recite information already contained in the motion to dismiss. Moreover, it does not matter that defense counsel would have incurred some of the same time defending against Plaintiff's malicious prosecution claim; that claim was brought in violation of the statute, so, under the statute, Defendants are entitled to an award of fees incurred in getting the claim stricken.

As for the 19.7 hours spent by Attorney Johnson in preparing for oral argument on the special motion to strike, the Court cannot conclude that they were "grossly excessive, unnecessary, and unreasonable," as Plaintiffs claim. While more experienced attorneys would probably have spent considerably less time preparing for an oral argument on most dispositive motions, here the issues were unusually complex, both factually and legally. The relevant events went back several years and involved three previous adjudications between the parties. The Vermont Supreme Court has not had occasion to interpret our anti-SLAPP statute very frequently, and several of the issues in this case were therefore ones of first impression. The motion to strike itself was 22 pages long and contained 37 exhibits comprising hundreds of pages of materials. Plaintiffs' opposition to the motion was 30 pages long and raised additional issues needing to be addressed. In short, there was a lot to prepare for.

Given the complexity of the case, the novelty of the issues, and the successful outcome on Defendants' special motion to strike, the Court concludes that Defendants are entitled to an award of the $16,600 in attorney's fees that they have requested. Indeed, this award is less than awards that have been granted for similar motions in other cases under the statute. In addition, the court concludes that Defendants are entitled to the $1,821.77 in costs that they have requested; those costs were almost entirely incurred in obtaining transcripts of the prior adjudications between the parties and in obtaining Spanish translations of certain documents for the Defendants.

For the foregoing reasons, Defendants are awarded $18,481.77 in attorneys' fees and costs pursuant to 12 V.S.A. § 1041(f)(1).

Electronically signed on 10/27/2021 1:51 PM, pursuant to V.R.E.F. 9(d)

Robert A. Mello
Superior Judge